**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CALVIN GILL,    Civil No. 07-4555 (JMR/AJB)

    Petitioner,

v.    **REPORT AND RECOMMENDATION**

LORI SWANSON,

    Respondent.

ARTHUR J. BOYLAN, United States Magistrate Judge

This matter is before the Court on Petitioner Calvin Gill's amended petition for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 6]. Petitioner appears pro se. Respondent appears by Charles Glasrud, Stevens County Attorney. The matter has been referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Petitioner's application for habeas corpus relief be denied and the Petition be dismissed with prejudice.

**Background and Procedural History**[1]

On December 7, 2005, Petitioner was involved in a home invasion robbery which included an assault upon the residents of a home in rural Stevens County. After Mr. Gill and two companions left the scene, Gill drove into the town of Starbuck, Minnesota, where an officer

---

[1] Fact background taken substantially from Minnesota Court of Appeals Opinion, State v. Gill, A05-1745, 2006 WL 3490368    (Minn. App., Nov. 29, 2006)(unpublished opinion). Exhibit  [Docket No. 25].

stopped the vehicle for speeding.[2] While asking Petitioner for identification and proof of insurance, the officer observed a handgun in plain view in the rear of the car. The officer handcuffed Gill and placed him in the rear of the squad car, though the Petitioner was advised that he was not under arrest. During the stop the Petitioner was questioned, and he made statements to the officer. Mr. Gill was arrested shortly thereafter when the officer learned of the home invasion. After the arrest the Petitioner was transported to law enforcement offices in Morris, Minnesota, where Gill gave a taped statement to an officer. However, the Petitioner had not been given the Miranda advisory prior to his taped interview.

Petitioner was charged with one count of aggravated robbery in the first degree, three counts of burglary in the first degree, one count of theft, and two counts of assault in the second degree in connection with the December 7, 2004, home invasion. The complaint was subsequently amended to include four additional kidnapping charges and a second aggravated robbery charge. At the pre-trial omnibus hearing, the State stipulated that the taped statement should be suppressed because no Miranda advisory had been given, and the Court entered an Order suppressing Gill's statement. At trial which took place during April 26-28, 2005, the State did not make reference to the suppressed taped interview statement, but did initiate questioning regarding the earlier statement made to the arresting officer during the vehicle stop. Petitioner's trial counsel objected, and the judge and the attorneys discussed the issue out of the presence of the jury. An evidentiary conference was held, and the trial court determined that the prosecutor's question was improper on grounds that the Petitioner was not given due notice of

---

[2] Gill was alone in the car. His companions were in another vehicle that was stolen from the crime scene. [Docket No. 24] Exhibit, Respondent's Brief to the Minnesota Court of Appeals, page 6.

the state's intent to introduce the statement. The witness did not answer the question, and the prosecutor did not seek to pursue the precluded line of questioning. A jury found Petitioner guilty on all counts except lesser-included receiving stolen property offenses. On June 6, 2005, Petitioner was sentenced to consecutive terms of 62 months and 52 months on the aggravated robbery convictions.[3]

Petitioner appealed his conviction to the Minnesota Court of Appeals and the conviction was affirmed.[4] State v. Gill, 2006 WL 3490368 (Minn. App., Nov. 29, 2006)(unpublished opinion). Mr. Gill appealed to the Minnesota Supreme Court, which denied his petition for further review. Petitioner filed an initial federal habeas corpus petition on November 7, 2007, and the amended petition now before the court was filed on November 28, 2007.[5] In this action Petitioner alleges prosecutorial misconduct as to a question posed to a trial witness regarding a subsequently disallowed statement, and trial court error regarding a bench conference that Petitioner contends was overheard by the jury.

**Standard of Review**

A writ of habeas corpus may issue only if the underlying state court adjudication resulted in a decision that (1) was contrary to clearly established federal law; or (2) involved an unreasonable application of a clearly established federal law. 28 U.S.C. § 2254(d). This Court

---

[3] [Docket No. 22] Exhibit, Appellant's Brief to the Minnesota Court of Appeals, page 3.

[4] The case was remanded to the trial court for further proceedings with regard to the restitution component of Petitioner's sentence.

[5] The Court previously recommended that Petitioner's original petition be dismissed due to failure to exhaust his state court remedies for all of his claims i.e., a "mixed petition". (See Report and Recommendation dated November 14, 2007 [Docket No. 4].) Petitioner thereafter filed an amended petition, from which his clearly unexhausted claim has been removed.

"presumes that the state court's factual determinations are correct," a presumption that "may be rebutted only by clear and convincing evidence." 28 U.S.C. § 2254(e)(1), Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

Federal habeas relief is only available to a person in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a), Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). As a threshold matter, a Petitioner must present a federal question in his petition for relief.

A federal district court may not conduct the initial review of a habeas petitioner's constitutional claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999). A state prisoner must normally exhaust all available state judicial remedies before a federal court will entertain a petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. at 842. The state courts must have the first opportunity to hear the claim and "pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) ("A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim").

**Discussion**

**Exhaustion.** The Respondent argues that Petitioner's claims are procedurally barred because he did not alert the Minnesota Supreme Court to the federal nature of his claims. A federal court cannot consider the merits of a habeas corpus petition unless the petitioner can demonstrate exhaustion of all of the available state court remedies. 28 U.S.C. §2254(b) and (c),

4

Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198 (1982). Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim. Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir.) (cert. denied, 116 S.Ct. 578 (1995)); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-278 (1971)). Indeed, in order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the State's appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838 at 845. Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. Id., 526 U.S. at 844. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims. A petitioner's claims in a habeas corpus action must be based on an alleged violation of federal constitutional rights, as required by 28 U.S.C. § 2254(a). See Wainwright v. Goode, 464 U.S. 78, 83 (1983) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.")(citations omitted). Simply stated, a prisoner cannot raise federal constitutional claims for the first time on petition for federal habeas corpus relief, and to provide the State the necessary opportunity to pass upon and correct alleged violations of its prisoner's federal rights, the prisoner must fairly present his constitutional claim in each state court, thereby alerting those courts to the nature of the claim. Carney v. Fabian, 441 F.Supp.2d 1014, 1022 (D.Minn. 2006)(citations omitted).

In this case, Petitioner did not assert a federal constitutional claim in his state court appeals.  Neither his appellate briefs[6] nor the appellate decision addresses issues of federal constitutional law either explicitly or by inference via citation to federal case law.  The only arguable federal reference in his state appeals is a reference to Miranda rights,[7] a matter which was not directly addressed as a subject of his appeal claims and did not alert the court as to any federal component to either his prosecutorial misconduct or court error allegations.  Petitioner's claims have not been fairly presented to the state courts, and are therefore unexhausted and may not be considered by the court in this federal habeas action.

**Procedural Default.**  When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow hearing on the merits in a state court proceeding.  McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  If the state's procedural rules would preclude hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or miscarriage of justice, can be demonstrated.  Id.

As discussed above, Petitioner has asserted constitutional claims in this Section 2254 action which have not been exhausted.  Petitioner has fully exercised his direct appeal rights, but he did not raise his federal claims on appeal.  Minnesota law provides that once the prisoner has directly appealed, "all matters raised therein, and all claims known but not raised, will not be

---

[6] [Docket No. 22] Exhibit, Appellant's Brief to the Minnesota Court of Appeals, and [Docket No. 23] Exhibit, Appellant's Pro Se Supplemental Brief.

[7] It is not disputed that Mr. Gill's taped interview statements were obtained in violation of his Miranda rights, and those statements are not the subject of claims in this case.  The statement at issue was ultimately ruled inadmissible on disclosure grounds, not due to any particularly identified Miranda violation.

6

considered upon a subsequent petition for postconviction relief." Id. (quoting State v. Knaffla, 243 N.W.2d 737, 741 (1976)); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). It is clear that Minnesota law precludes further state court review of the claims stated in the Amended Petition now under consideration. Consequently, this Court concludes that petitioner has defaulted on the unexhausted claims under Minnesota state law. McCall v. Benson, 114 F.3d 754, 757-58.

The finding of procedural default bars federal review of the merits of the constitutional claims unless the petitioner demonstrates either cause for the default and actual prejudice, or fundamental miscarriage of justice resulting from failure to consider the claims on the merits. McCall at 758. Petitioner in this case offers no absolutely no explanation or cause for not explicitly alleging federal claims on direct appeal. Furthermore, petitioner has not alleged the actual prejudice necessary to overcome procedural default. "To demonstrate prejudice, a petitioner must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire [hearing] with error of constitutional dimensions.'" Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995)(citations omitted). Petitioner in this matter has neither picked up the challenge nor carried the burden of showing cause and prejudice as required to avoid dismissal of claims based upon procedural default. Likewise, petitioner has made no showing of fundamental miscarriage of justice with respect to any of his claims because he has made no cognizable attempt to demonstrate "that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" McCall v. Benson, 114 F.3d 754, 758 (citing Brownlaw v. Groose, 66 F.3d 997, 999 (8th Cir. 1997)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995)). Since the prisoner has procedurally defaulted his unexhausted claims, and therefore has no further opportunity to exhaust those claims in state

7

proceedings, dismissal of this action without prejudice to permit full exhaustion is not required and the petition is properly dismissed with prejudice on procedural grounds.[8]

Based upon all of the files, records, and proceedings herein, the Magistrate Judge makes the following:

**RECOMMENDATION**

It is **Hereby Recommended** that:

1. Petitioner Calvin Gill's Amended Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 6] be **DENIED**;

2. Petitioner Calvin Gill's Petition for Writ of Certiorari [Doc. No. 14] be **DENIED** as moot**;** and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: August _21_, 2008

    s/Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

---

[8] With respect to the merits of Petitioner's claims in this matter, the court observes that in consideration of the particular prosecutorial misconduct that is alleged, i.e. seeking to elicit witness testimony regarding defendant's statement during a vehicle stop, further considered in light of all of the information contained in the record in this habeas corpus action, the court would not conclude that the prosecutor's conduct and comments so infected the trial with unfairness that the conviction was a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986).
    As to Petitioner's second contention that the court erred in alerting the jury to an excluded statement, the Minnesota Court of Appeal expressly held that there was no support in the record for the contention that the district court's comment, a general reference merely indicating the existence of Gill's suppressed statement, was made within the hearing of the jury. Consequently, the claim has no merit either as a matter of fact or law. See Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000)(the court presumes that the state court's factual determinations are correct).

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Courts, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before September 5, 2008.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.